# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUWAN KUMAR,<br><br>                    Petitioner,<br><br>       v.<br><br>SERGIO ALBARRAN, *et al.*,<br><br>                    Respondents. | Case No. 5:26-cv-02365-JLS-RAO<br><br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner, an immigrant detainee represented by counsel, filed a verified petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"), on May 5, 2026. Dkt. No. 1 ("Pet."). The same date, Petitioner filed a Motion for Temporary Restraining Order ("TRO Application"). Dkt. No. 2. On May 6, 2026, the Court denied the TRO Application. Dkt. No. 6. On May 12, 2026, Respondents filed an answer to the Petition stating they "are not presenting an opposition argument." Dkt. No. 8 at 2. Consequently, the verified facts set forth in the Petition, the legal arguments, and the relief requested are uncontested. For the reasons set forth below, the Court GRANTS the Petition.

///

Petitioner is a citizen of India.  Pet. at 2.[1]  Petitioner entered the United States on December 27, 2022, seeking lawful protection.  *Id.*  The government conditionally released Petitioner, and he applied for asylum and withholding of removal on July 10, 2023.  *See id.*  Petitioner successfully completed three scheduled Immigration and Customs Enforcement ("ICE") check-ins at the Los Angeles ICE office.  *Id.* at 2–3.  On April 13, 2026, ICE officers arrested Petitioner at his regularly scheduled check-in at the Los Angeles ICE office.  *Id.* at 3.  Petitioner further states that the government did not provide any notice, any reasons given for the revocation, or any opportunity to argue why he should be permitted to remain at liberty before ICE arrested him.  *Id.*  Thereafter, Petitioner was transferred to the Adelanto ICE Processing Center where he remains.  *Id.*  The publicly available ICE records confirm Petitioner's detention within this District.

Petitioner asserts that prior to his re-detention, ICE did not make an individual finding that he posed a danger to the community or that he is a flight risk.  *Id.* Petitioner further states that he has no criminal history, has established ties to the community, and poses no risk to public safety.  *Id.* at 2–3.  Petitioner has complied with all immigration procedures, supervision requirements, and appearances.  *Id.* Petitioner argues, *inter alia*, that his detention violates his constitutional due process rights.  *Id*. at 14–16.

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).  The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Petitioner's requested relief is a declaration that his continued detention violates the

---

[1] Pinpoint citations refer to the page numbers in the CM/ECF-generated headers of filed documents.

Due Process Clause of the Fifth Amendment and an order that he be released immediately. *See* Pet. at 17. As this Court (and others) have already ruled, individuals conditionally released from custody, such as noncitizens released during immigration proceedings, have a liberty interest in their continued conditional release, which must be protected by adequate procedural safeguards. *See Juarez Fernandez v. Semaia*, No. CV 25-3412-SPG (MBK), 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026); *Sheng Kun v. Janecka*, No. CV 26-1280-DMG (AYP), 2026 WL 931541, at *4 (C.D. Cal. Apr. 3, 2026). Given Respondents' non-opposition (*see* C.D. Cal. L.R. 7-12), Petitioner's prior release status, the lack of any apparent change in circumstances or justification for terminating that release, and the absence of procedural safeguards accorded to Petitioner in advance of his re-detention, the Court finds that it is appropriate to grant the Petition. *See id.*

In light of the foregoing, the Court GRANTS the Petition and orders Petitioner to be released forthwith, subject to any former conditions of release.

The Court also orders that Respondents shall not re-detain Petitioner without notice and a future pre-deprivation hearing. Respondents shall return any confiscated property and documents to Petitioner upon his release. Finally, Respondents shall file a status report regarding compliance with this order within five court days of its entry.

IT IS SO ORDERED.

DATED: May 14, 2026

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

3